UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-CV-61246-SINGHAL/VALLE

MICHAEL J. HASON,

    Plaintiff,

v.

WALMART, INC.*,*

    Defendant.

_____

### REPORT AND RECOMMENDATION TO DISTRICT JUDGE

THIS MATTER is before the Court upon Defendant's: (i) Motion to Dismiss Plaintiff's Complaint for Failure to Comply with Court Order (ECF No. 55); and (ii) Motion to Dismiss Plaintiff's Complaint for Failure to Comply with Court Order Requiring Amended Answers to Interrogatories and Response to Request for Production (ECF No. 58) (together, the "Motions"). United States District Judge Raag Singhal has referred the Motions to the undersigned for a report and recommendation. *See* (ECF Nos. 56, 60).

Having reviewed the Motions, Plaintiff's responses (ECF Nos. 57, 62), and being otherwise duly advised in the matter, the undersigned recommends that the Motions be **DENIED** for the reasons set forth below.

### I.    BACKGROUND

Plaintiff filed this personal injury action against Defendant for claims of negligence based on an alleged slip and fall at one of Defendant's stores. *See generally* (ECF No. 1). Plaintiff does not have counsel and has proceeded through discovery and motion practice without an attorney.

Due to Plaintiff's delayed and somewhat convoluted discovery responses, Defendant filed several motions to compel and motions seeking dismissal of the case based on Plaintiff's noncompliance with discovery. *See, e.g.*, (ECF No. 15) (Defendant's Motion to Compel Discovery); (ECF No. 20) (Defendant's Motion for Order Granting Motion to Compel Discovery and for Attorney's Fees); (ECF No. 24) (Defendant's Motion to Dismiss for Failure to Comply with Court Order and Renewed Motion for Attorneys' Fees); (ECF No. 32) (Defendant's Motion for Hearing and to Waive Conferral Requirement Due to Pro Se Plaintiff's Conduct); (ECF No. 33) (Defendant's Motion to Extend Fact and Expert Discovery Deadlines); (ECF No. 37) (Defendant's Motion to Compel Plaintiff to Appear for Deposition and Motion for Sanctions for Failure to Appear at Deposition in the Absence of a Protective Order); (ECF No. 38) (Defendant's Motion to Compel Better Responses to Interrogatories and Request for Production); (ECF No. 42) (Defendant's Motion to Compel Mediation or alternatively, for Extension of Time to Mediate).

Further, given Plaintiff's pro se status, the Court granted Plaintiff several extensions of time to allow Plaintiff to comply with his discovery obligations and case deadlines. *See, e.g.*, (ECF No. 21) (granting Plaintiff an extension of time to respond to Defendant's First Interrogatories and First Request for Production, which are at issue in the Motion); (ECF No. 26) (granting Plaintiff an additional extension of time to comply with Defendant's discovery requests); (ECF No. 35) (denying Defendant's Motion to Dismiss and granting an extension of certain case deadlines); (ECF No. 50) (memorializing discovery hearing to provide Plaintiff with deadlines for production of outstanding discovery).

The instant Motions are Defendant's most recent request for dismissal of the case with prejudice based on Plaintiff's purported noncompliance with his discovery obligations and

relevant deadlines. *See generally* (ECF Nos. 55, 58). Plaintiff opposes dismissal and characterizes the Motions as harassment. *See generally* (ECF Nos. 57, 62).

## II. DISCUSSION

Pursuant to Federal Rule of Civil Procedure 37, if a party fails to obey an order to provide or permit discovery, the Court may dismiss the action in whole or in part or render a default judgment against the disobedient party. Fed. R. Civ. Pro. 37(b)(2)(A)(v)-(vi); *see also Lyle v. BASF Chemistry, Inc.*, 802 F. App'x 479, 482 (11th Cir. 2020) (affirming dismissal of action with prejudice for plaintiff's willful and bad faith noncompliance with discovery obligations). This rule gives district judges broad discretion to fashion appropriate sanctions for violation of discovery orders. *Malautea v. Suzuki Motor Co.*, 987 F.2d 1536, 1542 (11th Cir. 1993); *see also Anderson v. J & L Cable TV Servs., Inc.*, No. 20-CV-60271, 2021 WL 3193167, at *2 (S.D. Fla. June 7, 2021), *report and recommendation adopted*, 2021 WL 3190855 (S.D. Fla. July 28, 2021) (dismissing action without prejudice for plaintiff's failure to comply with court orders and discovery obligations). Further, a default judgment as a sanction requires a willful or bad faith failure to obey a discovery order. *Id.* (citations omitted). Violation of a discovery order caused by simple negligence, misunderstanding, or inability to comply, however, will not justify a Rule 37 default judgment or dismissal. *Id.* Rule 37 requires a "just" sanction to represent "general due process restrictions on the court's discretion." *Id.* Finally, the severe sanction of dismissal or default judgment is appropriate only as a last resort, when less drastic sanctions would not ensure compliance with the court's orders. *Id.*

Here, Defendant complains that it "has been (and continues to be) prejudiced by Plaintiff's repeated and willful failure to engage in discovery and comply with the Court's discovery orders." (ECF No. 58 at 2). Defendant specifies certain discovery failures, including

3

Plaintiff's alleged failure to: (i) provide a clear explanation and timeline of his alleged injuries, medical treatment, and medical bills for (a) pre-Walmart incidents, (b) Walmart-related injuries, and (c) post-Walmart accidents or injuries; (ii) identify his injuries, including treatment received, medical providers, and resulting medical bills; (iii) provide supporting documents for his alleged medical and economic damages; (iv) provide supporting documents for alleged lost wages/earning capacity; and (v) amend responses to explain his efforts to locate responsive documents. *Id.*

In response, Plaintiff opposes dismissal of the case and attaches for the Court's review the discovery responses that he served on Defendant on August 1, 2023. *See generally* (ECF No. 62). Based on a review of the Motions and response (including Plaintiff's discovery responses), the undersigned finds that Plaintiff has produced some responsive materials—albeit in numerous separate emails and in less than clear form. Plaintiff's production, however, weighs against dismissal of this action for several reasons.

First, the Court considers Plaintiff's pro se status and affords him leniency in assessing his discovery responses. Further, the discovery responses are detailed, typed and legible, and demonstrate that Plaintiff made a considerable effort to respond even if the responses are not presented in typical legal form. To illustrate, the chart below compares Defendant's challenges to Plaintiff's production of approximately 13 emails with attached materials. This comparison confirms that Plaintiff has attempted to respond to discovery such that Defendant's request for dismissal of the case should be denied.

| Alleged failure in Plaintiff's production (ECF No. 58 at 2) | Plaintiff's email production at ECF No. 62-1 |
|---|---|
| Failure to provide a clear explanation and timeline of alleged injuries, medical treatment, and medical bills for pre-Walmart incidents, Walmart-related injuries, and post-Walmart accidents or injuries | Emails titled "timeline of medical care after fall;" "continued medical care timeline after fall at Walmart;" "continuation 2 of medical care after fall in Walmart," detailing a chronology of events (including medical care) (pp. 2-4) |

4

| | |
|---|---|
| Failure to identify injuries, including treatment, medical providers, and cost of medical bills | Emails titled "subpoena United Healthcare," suggesting that Defendant subpoena United Healthcare for medical information and their payments made for the last several years (p. 1) |
| | Email titled "timelines of medical care after fall;" "continued medical care timeline after fall at Walmart;" "continuation 2 of medical care after fall in Walmart" (pp. 2-4), detailing chronology of medically-related events |
| | AARP/Medicare Plans spending and costs summary (pp. 35-53) |
| | Email titled "Interrogatories 13 and addendum Medical Care list to include John Valentine, DC" (p. 28)[11] |
| | Email titled "2 most recent MRIs" (pp. 30-32) |
| | Email titled "Small payments made Re. Hason v. Walmart" (p. 33) |
| | Email titled "Medicare/United Healthcare medical payments Re Hason v. Walmart" (p. 34) |
| Failure to provide documents to support alleged medical and economic damages, including medical records, bills, or insurance liens | Email titled "Small payments made Re. Hason v. Walmart"(p. 33) |
| | Email titled "Medicare/United Healthcare medical payments Re Hason v. Walmart" (p. 34) |
| | AARP/Medicare Plans spending and costs summary (pp. 35-53) |
| Failure to provide documents supporting alleged lost wages/earning capacity | Email titled "other tax years re Walmart" (p. 25); "copies of Plaintiff's taxes" (pp. 7-24) |
| | Email titled "earnings/employers 10 years" (p. 27) |
| Failure to amend responses to explain efforts made to locate responsive documents | [Plaintiff does not address this item] |

Plaintiff also responded to other interrogatories. *See* (ECF No. 62-1 at 29) (answering interrogatory14, seeking "a list of all doctors and medical facilities that treated Plaintiff because of the subject incident"); (answering interrogatory 15, seeking "a list of all doctors and medical

---

[11] Interrogatory 13 seeks "information about whether any of Plaintiff's medical bills related to the subject incident have been paid and, if so, the amounts paid, by whom and any third-party rights of subrogation." (ECF No. 38 at 5).

5

facilities that have treated Plaintiff over the last 10 years along with dates of treatment and the injury for which each); (answering interrogatory 18, seeking "a list of Plaintiff's litigation history"); (answering interrogatory 21, seeking "information related to any accidents or injuries in the last 10 years resulting in personal injuries). *See also* (ECF Nos. 38 at 5-6). Further, although the responses were not notarized, Plaintiff produced discovery "under penalty of perjury," stating that it was the "truth know to [him]." (ECF No. 62-1 at 29, 45).

Against this factual and legal backdrop, the undersigned finds that Plaintiff has in good faith attempted to respond to discovery in compliance with the Court's prior Orders. The one item that Plaintiff has failed to explain concerns his efforts to locate documents. Plaintiff's failure to respond to this one area is minor when compared to his overall production efforts and does not support dismissal of the case or holding Plaintiff in contempt.

The undersigned appreciates that review of Plaintiff's production may be cumbersome and time consuming. That, however, is partly reflective of pro se litigantion and the Court has already instructed Plaintiff regarding his obligations. *See generally* (ECF No. 63) (7/18/23 Hr'g Tr.). The record also reflects that trial deadlines are fast approaching. *See* (ECF No. 14). Accordingly, the parties must double their efforts to expeditiously resolve any pending discovery matters without further Court intervention. To that end, by the date set forth in a separate Order entered contemporaneously, the parties must telephonically meet and confer in a good faith effort to: (i) streamline outstanding discovery, if any; and (ii) comply with the remaining case deadlines.

### III. RECOMMENDATION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that:

1. Defendant's Motion to Dismiss Plaintiff's Complaint for Failure to Comply with Court Order (ECF No. 55) be **DENIED** as duplicative and superseded by the amended motion filed at ECF No. 58; and

2. Defendant's Motion to Dismiss Plaintiff's Complaint for Failure to Comply with Court Order Amended Answers to Interrogatories and Response to Request for Production (ECF No. 58) be **DENIED**.

Within **fourteen days** after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this District. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b). Failure to timely object waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3-1 (2022); *see Thomas v. Arn*, 474 U.S. 140 (1985).

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida, on August 28, 2023.

_____
ALICIA O. VALLE
UNITED STATES MAGISTRATE JUDGE

cc: U.S. District Judge Raag Singhal
    All Counsel of Record